**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

ANNE KEYTE, *on behalf of herself
and all others similarly situated*,

     Plaintiff,

v.

MEDICREDIT, INC.,
*a Missouri Corporation*,

     Defendant.
_____/

**CLASS ACTION COMPLAINT**

1.    Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

**PARTIES**

3.    Plaintiff, Anne Keyte ("Plaintiff"), is a natural person, residing in Saint Lucie County, Florida.

4.    Defendant, Medicredit, Inc. ("Defendant"), is a Missouri Corporation and is engaged in the business of collecting consumer debts, which operates from offices located at 3620 I-70 Drive SE, Suite C, Columbia, Missouri 65201.

5.    Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

6. Defendant is licensed in Florida as a consumer collection agency, license number CCA0900581. Defendant is not licensed in Florida as a commercial collection agency.

7. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

8. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect a consumer debt from Plaintiff, more specifically, a medical debt. The debt was incurred primarily for personal, household or family use. The debt was not incurred for any commercial purpose.

10. On or about September 5, 2017, Defendant mailed, or caused to be mailed to Plaintiff, a written communication seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

11. The Demand Letter states, in part:

The account(s) listed below have been placed with this agency with the full intention of collecting on this account(s). Please give the past due account(s) the attention it deserves.

xxxx

| Client Account # | Facility | Patient Name | Date of Service | Balance |
|---|---|---|---|---|
| 853-4[1] | Heart Family Hlth Inst Of | Anne Keyte | 05/01/2017 | 27.47 |
| 683-4[2] | Heart Family Hlth Inst Of | Anne Keyte | 05/01/2017 | 12.53 |

---

[1] Plaintiff's account number has been redacted for the protection of her privacy. Only the last four digits of the Plaintiff's account number are reflected in the Complaint.
[2] Plaintiff's account number has been redacted for the protection of her privacy. Only the last four digits of the Plaintiff's account number are reflected in the Complaint.

12. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

13. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) **the name of the creditor to whom the debt is owed**;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

14. Defendant's Demand Letter does not identify a creditor to whom the debt is owed. Instead the Demand Letter only identifies the facility at which Plaintiff received her medical treatment.

15. *15 U.S.C. §1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. Defendant's Demand Letter is false and misleading as it omits the name of the creditor to whom the alleged debt is owed and only lists the facility at which Plaintiff received treatment.

17. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

18. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in Saint Lucie County, Florida (ii) to whom an initial written communication was mailed, or caused to be mailed (iii) by Defendant (iv) that identified the facility as "Heart Family Hlth Inst Of" (v) and did not name a creditor (vi) that were not returned undeliverable by the U.S. Post Office (vii) in an attempt to collect a debt incurred for personal, family, or household purposes (viii) during the prior one year period ending on the date of the filing of this Complaint.

19. Plaintiff alleges on information and belief that Defendant's practice of sending initial communication letters that did not name the creditor of the debt served upon the Class is so numerous that joinder of all members of the Class is impractical.

20. There are questions of law or fact common to the Class. Common issues predominate over any issues involving only individual Class members. The common legal and

factual issue to each Class member is that each was mailed, or caused to be mailed, an initial written communication by Defendant that did not contain the name of the creditor to whom the debt was owed as required by *15 U.S.C. §1692g(a)*.

21. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

22. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

23. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692g(a)*

25. Plaintiff re-alleges Paragraphs 1 through 17.

26. *15 U.S.C. §1692g(a)(2)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

> following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> xxxx
>
> (2) the name of the creditor to whom the debt is owed;

27. Defendant mailed, or caused to be mailed the Demand Letter to Plaintiff, in an attempt to collect a consumer debt.

28. The Demand Letter was the initial communication in connection with the collection of a consumer debt between Defendant and Plaintiff.

29. Defendant's Demand Letter does not identify the creditor to whom the debt is owed, as required by *15 U.S.C. §1692g(a)(2)*.

30. The Demand Letter omits the name of the creditor to whom the alleged debt is owed and only lists the partial name of the facility at which Plaintiff received treatment, "Heart Family Hlth Inst Of."

31. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

32. As a result of Defendant's conduct, Plaintiff and the Class entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692e(10)*

33. Plaintiff re-alleges Paragraphs 1 through 17, and 26 through 30.

34. *15 U.S.C. §1692e (10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant mailed, or caused to be mailed the Demand Letter to Plaintiff, in an attempt to collect a consumer debt.

36. The Demand Letter was the initial communication in connection with the collection of a consumer debt between Defendant and Plaintiff.

37. The Demand Letter is false and misleading because it omits the name of the creditor to whom the alleged debt is owed and only lists the facility at which Plaintiff received treatment.

38. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

39. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

40. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other and further relief as the Court deems proper.

Dated: February 26, 2018.

                                                     Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*